McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Wade M. Hansard
Nevada Bar No. 8104
  *wade.hansard@mccormickbarstow.com*
Jonathan W. Carlson
Nevada Bar No. 10536
  *jonathan.carlson@mccormickbarstow.com*
Renee M. Maxfield
Nevada Bar No. 12814
  *renee.maxfield@mccormickbarstow.com*
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone:    (702) 949-1100
Facsimile:    (702) 949-1101

Attorneys for GEICO GENERAL INSURANCE COMPANY erroneously sued and served herein as GEICO CASUALTY COMPANY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL CHIANG, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>DOROTHY LOUISE CARR, an individual; DANNY NIXON HUNT, an individual; GEICO CASUALTY COMPANY, a corporation; DOES 1 through 10, and ROE CORPORATIONS 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:21-cv-00186<br><br>**NOTICE OF REMOVAL OF ACTION BY DEFENDANT PURSUANT TO 28 U.S.C. § 1332 AND 28 U.S.C. § 1441(b)** |

TO: THE CLERK OF THE COURT; ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendant GEICO GENERAL INSURANCE COMPANY erroneously sued and served herein as GEICO CASUALTY COMPANY (hereinafter "DEFENDANT"), by and through its counsel of record, McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH, LLP, hereby gives notice of removal of the above-entitled

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET
ROAD, SUITE 350
LAS VEGAS, NV 89113

NOTICE OF REMOVAL OF ACTION BY DEFENDANT PURSUANT TO 28 U.S.C. § 1332 AND 28 U.S.C. § 1441(b)

action from the District Court Clark County, Nevada, Case No. A-20-827066-C, to the United States District Court for the District of Nevada and further states as follows:

## STATEMENT OF JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship and removal is therefore proper under 28 U.S.C. § 1441(b) as there is complete diversity between the parties and the matter in controversy exceeds $75,000.00.

## THE REMOVED CASE

The removed case is a civil action and was filed on December 29, 2021 in the Eighth Judicial District Court of Nevada, Clark County, having been assigned Civil Case No. A-20-827066-C, captioned <u>MICHAEL CHIANG, an individual; Plaintiff, vs. DOROTHY LOUISE CARR, an individual; DANNY NIXON HUNT, an individual; GEICO CASUALTY COMPANY, a corporation; DOES 1 through 10, and ROE CORPORATIONS 1 through 10, inclusive, Defendants</u>. A copy of Plaintiff's Complaint is attached and included as Exhibit "A". On January 19, 2021, Defendant Danny Nixon Hunt filed an Answer in this matter. A copy of Defendant Hunt's Answer is attached and included as Exhibit "B". Defendant Hunt has consented to the removal. See Email from Hunt's counsel attached and included as Exhibit "D". Defendant Carr has not yet made an appearance. See Docket attached and included as Exhibit "E".

Plaintiff alleges that on or about December 8, 2019, he was involved in a motor vehicle collision as the result of the negligence of Tortfeasor Defendants Carr and Hunt. (Exhibit A, Complaint, paras. 11-14). Plaintiff alleges he was injured as a result of the accident, engaged the services of physicians to provide treatment and care and that his injuries have caused severe pain and suffering and are likely to require ongoing treatment. (Exhibit "A", Complaint, paras. 15-17).

Plaintiff alleges he had an automobile insurance policy issued by Defendant which provided uninsured/underinsured motorist insurance. (Exhibit A, Complaint, para. 18). Plaintiff alleges he submitted a demand to Defendant GEICO for benefits from his UIM coverage. (Exhibit A, Complaint, para. 19). Plaintiff alleges he has suffered damages in an amount in excess of $15,000.00 and had to retain the services of an attorney and is therefore entitled to attorney's fees and costs. (Exhibit A, Complaint, paras. 20-21).

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET
ROAD, SUITE 350
LAS VEGAS, NV 89113

2
NOTICE OF REMOVAL OF ACTION BY DEFENDANT PURSUANT TO 28 U.S.C. § 1332 AND 28 U.S.C. § 1441(b)

Plaintiff alleges five causes of action. The First Cause of Action is for Negligence and Negligence Per Se. Plaintiff alleges Tortfeasor Defendants' conduct has caused him to suffer personal bodily injuries, all or some of which may be permanent and disabling in nature, as well as the loss of enjoyment of life, to incurred medical care in an amount in excess of $15,000, to experience pain, suffering and loss of enjoyment of life in an amount in excess of $15,000 and had to retain the services of an attorney and is therefore entitled to attorney's fees and costs. (Exhibit A, Complaint, paras. 26-29).

The Second Cause of Action is for Negligent Entrustment. Plaintiff alleges Tortfeasor Defendants' conduct has caused him to suffer personal bodily injuries, all or some of which may be permanent and disabling in nature, as well as the loss of enjoyment of life, to incurred medical care in an amount in excess of $15,000, to experience pain, suffering and loss of enjoyment of life in an amount in excess of $15,000 and had to retain the services of an attorney and is therefore entitled to attorney's fees and costs. (Exhibit A, Complaint, paras. 35-38).

The Third Cause of Action is for Breach of Contract against GEICO. Plaintiff alleges that as a proximate result of the breach of contract, Plaintiff has suffered and will continue to suffer losses from the subject automobile accident, as well as other damages to be proven at the time of trial, has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all contributing to general damages in excess of $15,000.00, and had to retain the services of an attorney and is therefore entitled to attorney's fees and costs. (Exhibit A, Complaint, paras. 42-44).

The Fourth Cause of Action is for Breach of the Covenant of Good Faith and Fair Dealing. Plaintiff alleges that as a result of Defendant GEICO's conduct he has suffered and will continue to suffer in the future, losses and damages that include future medical expenses that will be incurred as a result of the subject automobile accident, suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, all contributing to general damages in excess of $15,000.00, and had to retain the services of an attorney and is therefore entitled to attorney's fees and costs. (Exhibit A, Complaint, paras. 52-54).

The Fifth Cause of Action if for Violation of Unfair Claims Settlement Practices. Plaintiff alleges that as a result of Defendant GEICO's conduct he has suffered general and special damages in an amount in excess of $15,000.00, and seeks punitive damages for Defendant GEICO's alleged fraudulent, oppressive, and malicious disregard for the rights of Plaintiff. (Exhibit A, Complaint, paras. 59-60). In the Complaint's Prayer for Relief, Plaintiff asks for the followings:

1. For general damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00);
2. For special damages in an in an amount in excess of Fifteen Thousand Dollars ($15,000.00), according to proof;
3. For damages for loss of earning and diminished earning capacity to be determined at the time of trial;
4. For exemplary and punitive damages in accordance with NRS § 42.005;
5. For reasonable attorneys' fees and costs of suit incurred herein;
6. For pre-judgement and post-judgment interest as provided by law; and
7. For such other and further relief as the Court may deem just and proper.

(Exhibit A, Complaint, p. 11, ll. 5 – 16).

As required by 28 U.S.C. § 1446(a), a copy of all processes GEICO received, pleadings and orders served upon DEFENDANT GEICO in the removed case are attached as Exhibits "A", "B" and "C" hereto.

## REMOVAL IS TIMELY

This action was commenced on December 29, 2020. The Summons and Complaint were served upon DEFENDANT GEICO on January 4, 2021. Thus, this removal is within 30 days of receipt of the Summons and Complaint by DEFENDANT GEICO. Defendant Danny Nixon Hunt was served with the Summons and Complaint on December 31, 2020 and filed his Answer in State Court on January 19, 2021. Counsel for Defendant Danny Nixon Hunt, Robert B. Katz, Esq., has no objection to the removal of this case to Federal Court. See Exhibit "D" hereto. Defendant Dorothy Louise Carr was served with the Summons and Complaint on January 2, 2021 and has not yet filed a response to the Complaint. See Exhibit "E" hereto.

## VENUE REQUIREMENT IS MET

Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States Court of the District and Division embracing the place where the State Court action is pending.

///

## DIVERSITY OF CITIZENSHIP EXISTS

This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1441 and 1446. Plaintiff alleges that he is a resident of Clark County, Nevada. Defendant Danny Hixon Hunt admits that he is a resident of Sullivan County, Tennessee. (Exhibit A, Complaint, paras. 3 ). Plaintiff alleges that Defendant Dorothy Louise Carr is a resident of Knox County, Missouri. (Exhibit A, Complaint, paras. 3). Defendant, GEICO General Insurance Company is a Maryland corporation with its principal place of business in Chevy Chase, Maryland, and, thus, is a citizen of Maryland for purposes of determining diversity and at all times relevant to this matter was doing business in the State of Nevada. The citizenship of defendants sued under fictitious names shall be disregarded in determining whether a civil action is removable. 28 U.S.C.A. § 1441 (b).

## THE AMOUNT IN CONTROVERSY

Plaintiff's claimed damages for each of the five causes of action are alleged to be in excess of $15,000. He alleges in the First Cause of Action that he suffered personal bodily injuries, all or some of which may be permanent and disabling in nature, as well as the loss of enjoyment of life, to incurred medical care in an amount in excess of $15,000, to experience pain, suffering and loss of enjoyment of life in an amount in excess of $15,000 and had to retain the services of an attorney and is therefore entitled to attorney's fees and costs. (Exhibit A, Complaint, paras. 26-29). The Second Cause of Action is for Negligent Entrustment. Plaintiff alleges Tortfeasor Defendants' conduct has caused him to suffer personal bodily injuries, all or some of which may be permanent and disabling in nature, as well as the loss of enjoyment of life, to incurred medical care in an amount in excess of $15,000, to experience pain, suffering and loss of enjoyment of life in an amount in excess of $15,000 and had to retain the services of an attorney and is therefore entitled to attorney's fees and costs. (Exhibit A, Complaint, paras. 35-38).

The Third Cause of Action is for Breach of Contract against GEICO. Plaintiff alleges that as a proximate result of the breach of contract, Plaintiff has suffered and will continue to suffer losses from the subject automobile accident, as well as other damages to be proven at the time of trial, has suffered

anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all contributing to general damages in excess of $15,000.00, and had to retain the services of an attorney and is therefore entitled to attorney's fees and costs. (Exhibit A, Complaint, paras. 42-44).

The Fourth Cause of Action if for Breach of the Covenant of Good Faith and Fair Dealing. Plaintiff alleges that as a result of Defendant GEICO's conduct he has suffered and will continue to suffer in the future, losses and damages that include future medical expenses that will be incurred as a result of the subject automobile accident, suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, all contributing to general damages in excess of $15,000.00, and had to retain the services of an attorney and is therefore entitled to attorney's fees and costs. (Exhibit A, Complaint, paras. 52-54).

The Fifth Cause of Action if for Violation of Unfair Claims Settlement Practices. Plaintiff alleges that as a result of Defendant GEICO's conduct he has suffered general and special damages in an amount in excess of $15,000.00, and seeks punitive damages for Defendant GEICO's alleged fraudulent, oppressive, and malicious disregard for the rights of Plaintiff. (Exhibit A, Complaint, paras. 59-60). The Prayer asks for: general damages in excess of Fifteen Thousand Dollars ($15,000.00); special damages in excess of Fifteen Thousand Dollars ($15,000.00); damages for loss of earning and diminished earning capacity; punitive damages; and for attorneys' fees. (Exhibit A, Complaint, p. 11, ll. 5 – 16).

As demonstrated by the detail in the declaration of Wade M. Hansard, filed concurrently, Plaintiff seeks, per his detailed demand, the $100,000.00 policy limit of the policy plus additional damages on the bad faith theories, plus punitive damages and attorneys' fees..

Hence, the State Court Action may be removed to this Court by DEFENDANT in accordance with the provisions of 28 U.S.C. § 1441(a) because: (1) the action is a civil action pending within the jurisdiction of the United States District Court for the District of Nevada; (2) this action is between citizens of different states; and (3) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

/ / /

**FILING REMOVAL PAPERS**

Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action has been provided simultaneously to Plaintiffs. A copy of this Notice of Removal will be filed with the Clerk of the Eighth Judicial District Court of Clark County, Nevada.

WHEREFORE, Defendant hereby removes the above-captioned action from the Eighth Judicial District Court of Clark County, Nevada and request that further proceedings be conducted in this Court as provided by law.

DATED this 3rd day of February, 2021

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By  /s/ *Wade M. Hansard*
Wade M. Hansard
Nevada Bar No. 8104
Jonathan W. Carlson
Nevada Bar No. 10536
Renee M. Maxfield
Nevada Bar No. 12814
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone:   (702) 949-1100

Attorneys for GEICO GENERAL INSURANCE COMPANY erroneously sued and served herein as GEICO CASUALTY COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February, 2021, a true and correct copy of **NOTICE OF REMOVAL OF ACTION BY DEFENDANT PURSUANT TO 28 U.S.C. § 1332 AND 28 U.S.C. § 1441(b)** was served by electronically filing with the Clerk of the Court using the Odyssey E-File & Serve system and serving all parties with an email-address on record, who have agreed to receive electronic service in this action.

| | |
|---|---|
| Marc C. Naron, Esq.<br>D.R. PATTI & ASSOCIATES<br>720 S. Seventh Street, Third Floor<br>Las Vegas, Nevada 89101<br>*Attorneys for Plaintiff* | Robert B. Katz, Esq.<br>THE LAW OFFICES OF<br>ROBERT B. KATZ & ASSOCIATES<br>2300 W. Sahara Avenue, Suite 800<br>Las Vegas, NV 89102<br>*Attorneys for Defendant Danny Nixon Hunt* |

By  /s/ Cheryl A. Schneider
Cheryl A. Schneider, an Employee of
McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET
ROAD, SUITE 350
LAS VEGAS, NV 89113

8
NOTICE OF REMOVAL OF ACTION BY DEFENDANT PURSUANT TO 28 U.S.C. § 1332 AND 28 U.S.C. § 1441(b)