**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| MICHAEL CHIANG, | Case No. 2:21-cv-00186-JCM-EJY |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| DOROTHY LOUISE CARR, an individual; DANNY NIXON HUNT, an individual; GEICO CASUALTY COMPANY, a corporation; DOES 1 through 10; and ROE CORPORATIONS 1 through 10, inclusive, | |
| Defendants. | |

Before the Court is Danny Dixon Hunt's Motion for Determination of Good Faith Settlement and for Other Orders Relating to Counterclaims, Cross-Claims, and Third Party Claims. ECF No. 8. The Court has considered the Motion and the Non-Opposition filed by Plaintiff (ECF No. 9). The Court finds as follows.

**I.  Background**

The underlying case arises from a car accident that occurred in December 2019, in which Dorothy Carr was driving Hunt's car when she collided with Plaintiff. Defendant Hunt proposed to pay, and Plaintiff has accepted, a settlement of $25,000 from Hunt in exchange for a full and final settlement of the dispute between these two parties in the above captioned case.

**II.  Discussion**

   A.   The Applicable Legal Standard.

Nevada law expressly provides a process for good faith settlement. NRS 17.245 states, in pertinent part:

> 1. When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:
> (a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

1

> (b) It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor.

The Court has discretion to determine whether a settlement is in good faith under the statute based on all the relevant facts available. *Velsicol Chem. Corp. v. Davidson*, 811 P.2d 561, 653 (Nev. 1991). Among the factors a court may consider when making a good faith determination are "[1] [t]he amount paid in settlement, [2] the allocation of the settlement proceeds among plaintiffs, [3] the insurance policy limits of settling defendants, [4] the financial condition of settling defendants, and [5] the existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants." *The Doctors Co. v. Vincent*, 98 P.3d 681, 686 (Nev. 2004) (quoting *In re MGM Grand Hotel Fire Litig.*, 570 F. Supp. 913, 927 (D. Nev. 1983)). However, these factors are not exhaustive. *Duk v. MGM Grand Hotel, Inc.*, 320 F.3d 1052, 1060-61 (9th Cir. 2003), *as amended on denial of reh'g* (Apr. 17, 2003). In fact, "Nevada law includes no requirement that a court consider or limit its analysis to the *MGM* factors…" *Clark County School District v. Travelers Casualty and Surety Company of America*, Case No. 2:13-cv-01100, 2016 WL 443160, at *4 (D. Nev. Aug. 18, 2016) (citation omitted).

Nevada's statute was enacted "to encourage settlements by discharging all liability for contribution by a settling tortfeasor to others upon a finding that the settlement was entered in 'good faith'." *Kerr v. Wanderer & Wanderer*, 211 F.R.D. 625, 631-32 (D. Nev. 2002) (quoting *In re MGM Grand Hotel Fire Litig.*, 570 F. Supp. at 926). Since the "good faith" settlement determination by the Court releases the settling parties from further contribution to the non-settling parties pursuant to NRS 17.245(1)(b), "the approving court must use its discretion to consider the fairness and overall appropriateness of the proposed settlement." *Duk*, 320 F.3d at 1060-61 (citing *Velsicol Chem. Corp.*, 811 P.2d at 563).

B.  <u>Application of the Law to the Facts</u>.

Upon analysis of the totality of the facts in this case, the Court finds the $25,000 settlement by Hunt is in good faith. There is no allocation of the proceeds to consider, the $25,000 represents the policy limits available from Hunt's policy, Hunt's financial condition was not a consideration when reaching settlement, and the settlement was reached through an arms-length negotiation. Thus,

the totality of the facts in this case, when applied to the factors established in *In re MGM Grand Hotel Fire Litg.*, and "the fairness and overall appropriateness of the proposed settlement," lead the Court to conclude the settlement offered by Hunt and accepted by Plaintiff is in good faith. This Order releases Hunt from any and all liability claims, present or future, alleged or which could have been alleged, whether in equity or in law, by any non-settling party.

**III.   Conclusion**

Accordingly, IT IS HEREBY ORDERED that Danny Nixon Hunt's Motion for Determination of Good Faith Settlement and for Other Orders Relating to Counterclaims, Cross-Claims, and Third Party Claims (ECF No. 8) is GRANTED.

DATED this 12th day of May, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE